**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Dongguan Saien Chuangke Technology Co. Ltd., and Zuru Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Shenzhen Huamingjun Rubber, <br><br> Defendant. | Civil Action No. 1:26-cv-6539 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

Plaintiffs Dongguan Saien Chuangke Technology Co. Ltd. ("DSCT") and Zuru Inc. ("Zuru") (collectively "Plaintiffs"), file this Complaint for design patent infringement against Defendant Shenzhen Huamingjun Rubber Co. Ltd. ("SHR" or "Defendant") and hereby alleges, upon actual knowledge with respect to itself and its own acts and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1.      This is a civil action arising out of SHR's repeated infringement of DSCT's design patents under the Patent Act, including, but not limited to, 35 U.S.C. §§ 271 and 289.

2.      DSCT is a successful and innovative manufacturer of various products, including toys. Beginning in 2020, DSCT began development of reusable water balloons, which culminated in the issuance of, *inter alia*, U.S. Design Patent Nos. D1,030,929 ("the D929 patent") and D1,101,076 ("the D076 patent") (collectively, "the Asserted Designs"). The Asserted Designs cover the design of reusable water balloons. Since 2022, DSCT has sold reusable water balloons covered by issued U.S. design patents under the brand SOPPYCID.

3.      DSCT's innovative reusable water balloon designs were revolutionary and departed significantly from water balloon products that existed at the time.

4.      Zuru is an award-winning company that designs, manufactures and markets innovative toys and consumer products. Inspired by kids and imaginative play, Zuru is one of the fastest growing toy companies in the world and is known for their agility, creativity, and new-age manufacturing techniques. Zuru distributes to all major retailers in over 120 countries and has delighted millions of families all over the world with its extensive brand. Zuru has earned an international reputation for quality, reliability and value in the toy industry, which includes various water toys such as water balloons that can be filled simultaneously in seconds and reusable water balloons, both sold under Zuru's brand BUNCH O BALLOONS. In 2024, DSCT granted Zuru an exclusive license under the Asserted Designs to market reusable water balloons into the United States.

5.      Seeking to trade off the success that Plaintiffs achieved selling their innovative reusable water balloon products, Defendant SHR produced a carbon copy knock-off ("the 2024 Product") of Plaintiffs highly recognizable, popular, and successful reusable water balloon products which was then sold throughout the United States beginning no later than 2024.

| DSCT: SOPPYCID | Zuru: BUNCH O BALLOONS | SHR: 2024 Product |
| --- | --- | --- |



6. DSCT filed a lawsuit on September 5, 2024, to protect its innovative design from the then known acts of infringement, captioned *Dongguan Saien Chuangke Technology Co. Ltd. v. Shenzhen Huamingjun Rubber*, No. 1:24-cv-8111 (N.D. Ill.) ("DSCT I"). On November 21, 2024, the court issued a preliminary injunction expressly directed towards SHR's 2024 Product. DSCT I, Dkt. 23.

7. After filing DCST I, Plaintiffs eventually learned of SHR's relationship with Sam's West, Inc. (dba, "Sam's Club"). SHR admitted in DSCT I that it "established a supplier relationship with Sam's Club months before the November 2024 Order." Exhibit 3 at ¶9. Prior to the injunction issuing, SHR established a supply agreement with Sam's Club for its reusable water balloons. *Id.*

8. Despite the injunction, SHR proceeded to package and sell its 2024 Product to Sam's Club for retail sales in the United States beginning no later than December 26, 2024. *See* Faurie Decl., Exhibit A; Faurie Decl., Exhibit B.

**SHR's 2024 Product for Sam's Club**



Faurie Decl., Exhibit A.

9. SHR supplied Sam's Club with significant quantities of its original reusable water balloons with sales beginning no later than January 30, 2025, and continuing throughout 2025. Faurie Decl., Exhibit B (customer reviews beginning on January 30, 2025); Faurie Decl., Exhibit A.

10. SHR continues to infringe Plaintiffs' design patent rights. Around October 2025, SHR entered into a Spring 2026 supply agreement with Sam's Club for a new reusable water balloon product ("the 2026 Product") sold under the Member's Mark brand. Exhibit 3 at ¶9.

4

**SHR's Infringing 2026 Product for Sam's Club - Website Images:**
Exhibit 4 (available at *https://www.samsclub.com/ip/Member-s-Mark-Reusable-Water-Balloons-20-Pack/1856147149*)









*2*

6

**SHR's Infringing 2026 Product for Sam's Club - Product Images:**





11.     SHR's 2026 Product infringes Plaintiffs' design patents, including at least (1) the D929 patent and (2) the D076 patent. As depicted below, SHR's infringement is readily apparent from a visual comparison of the overall appearance of the 2026 Product to Plaintiffs' patented designs.

| Plaintiffs' D929 Patent | SHR's Infringing 2026 Product |
|---|---|



| Plaintiffs' D076 Patent | SHR's Infringing 2026 Product |
|---|---|



9

12. Plaintiffs bring this suit to protect their novel design and stop SHR's ongoing acts of infringement that continue to irreparably harm Plaintiffs. Plaintiffs thus seek to enjoin SHR's unauthorized use of Plaintiffs' intellectual property and to recover actual damages, SHR's profits, and other relief, including attorney's fees and costs.

## PARTIES

13. Plaintiff DSCT is a limited liability company organized and existing under the laws ofthe People's Republic of China, having its principal place of business at Rm301, Building No.1, No. 33, Jianshe Road, Xiabian, Houjie Town, Dongguan City, Guangdong Province, China.

14. Plaintiff Zuru is a corporation incorporated under the law of the British Virgin Islands and a Hong Kong registered company with offices in Kowloon, Hong Kong.

15. Plaintiff Zuru is an exclusive licensee of DSCT under the Asserted Designs.

16. Defendant SHR is a foreign limited liability company organized under the laws of the People's Republic of China.

## JURISDICTION AND VENUE

17. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

18. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

19. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because SHR is organized under the laws of the People's Republic of China, as a foreign corporation, may be sued in any judicial district in the United States in which it is subject to the court's personal jurisdiction. *See In re HTC Corp.*, 889 F.3d 1349, 1357 (Fed. Cir. 2018).

20. This Court has personal jurisdiction over SHR under Federal Rule of Civil Procedure 4(k)(2), because SHR is organized under the laws of the People's Republic of China. This Court also has jurisdiction over SHR because SHR has committed, and on information and

belief, will continue to commit acts of patent infringement under 35 U.S.C. § 271 and intends a future course of conduct that includes acts of patent infringement in Illinois. These acts have harmed and will lead to foreseeable harm and injury to Plaintiffs in Illinois. For example, SHR has or will directly or through its affiliates, make, use, import, sell, and/or offer for sale its 2026 Product in the United States, including Illinois, through at least its supplier relationship with Sam's Club.

21.     Alternatively, this Court has personal jurisdiction over Defendant SHR because it has already availed itself of this jurisdiction by filing a Declaratory Judgment Action against Plaintiff DSCT, captioned, *Shenzhen Huamingjun Rubber Co., Ltd. v. Dongguan Saien Chuangke Technology Co. Ltd.*, No. 1:24-cv-7133 (N.D. Ill.).

**THE ASSERTED DESIGN PATENTS**

22.     DSCT is proud of its innovative reusable water balloon designs. To protect its rights and significant time investment, DSCT sought and obtained a portfolio of patents to cover the design of its reusable water balloon product, including the Asserted Designs.  DSCT is the owner and assignee of the Asserted Designs.

23.     Zuru is the exclusive licensee of the Asserted Designs.

24.     The Asserted Designs have an effective filing date no later than December 14, 2021.

25.     The D929 Patent was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on Jun. 11, 2024, to DSCT. Yunfeng Chen and Lixiang Liao[1] are the inventors of the D929 Patent, which issued from U.S. Design Patent Application No. 29/879,617 (the "'617 Application"), filed on Jul. 11, 2023, claiming priority to Application No. 17/549,920, filed on December 14, 2021.

---

[1] A correction of inventorship was filed on Feb. 8, 2024, to list Lixiang Liao as an inventor.

11

26.     The D929 Patent claims a new, original, and ornamental design for a spherical toy water ball as shown in the figures of the D929 Patent: Figures 1 and 2 are reproduced below. A true and correct copy of the D929 Patent, which is valid and enforceable, is attached as **Exhibit 1**. The solid lines indicate the claimed design, while the broken lines form no part of the claimed design.



*D929 Patent, Figures 1 and 2*

27.     The D076 Patent was duly and lawfully issued by the USPTO on Nov. 4, 2025, to DSCT. Yunfeng Chen and Lixiang Liao are listed as the inventors of the D076 Patent, which issued from U.S. Design Patent Application No. 29/957,878 (the "'878 Application"), filed on Aug. 16, 2024, claiming priority to Application No. 17/549,920, filed on December 14, 2021.

28.     The D076 Patent claims a new, original, and ornamental design for a toy water ball as shown in the figures of the D076 Patent: Figures 1 and 2 are reproduced below. A true and correct copy of the D076 Patent, which is valid and enforceable, is attached as **Exhibit 2**. The solid lines indicate the claimed design, while the broken lines form no part of the claimed design.



*D076 Patent, Figures 1 and 2*

29.     The D929 and D076 patents are enforceable and presumed valid under 35 U.S.C. § 282(a).

## THE RELEVANT COMPARISON PRIOR ART

30.     The Asserted Designs each claim an ornamental design for a "toy water ball."

31.     The relevant comparison prior art is limited to designs applied to toy water balls.

32.     Relevant comparison prior art includes U.S. Patent Application 2021/0387105 ("Greenwood"), and U.S. Patent Nos. 4,212,460 ("Kraft"), 5,975,983 ("Panec"), and D1,003,366 ("Chen"). Exhibits. 5-8.

13



Greenwood, Figure 17

Kraft, Figure 2

Panac, Figure 1

Chen, Figure 9

Exhibits 5-8.

34.     None of the above comparison prior art includes two halves connected by a hinge.

14

35. The Asserted Designs depart significantly from the relevant comparison prior art.

**SHR'S UNLAWFUL INFRINGEMENT OF PLAINTIFFS' DESIGN PATENT RIGHTS**

36. SHR is a Chinese manufacturer of reusable water balloons that has built a business on copying Plaintiffs' industry leading designs.

37. One of SHR's reusable water balloon products is its 2026 Product, shown below, which employs the designs claimed in the Asserted Designs.







38.     On October 9, 2025, SHR was selected as the supplier of reusable water balloons for Sam's Club's Spring 2026 season. Exhibit 3 at ¶9.

39.     Upon information and belief, SHR designed, manufactured, and supplied the 2026 Product for distribution and sales in the United States, including through Sam's Club retail locations and online.

40.     Upon information and belief, SHR imports or induces the importation of the 2026 Product into the United States.

16

Upon information and belief, SHR packages the 2026 Product for sale in the United States to U.S. consumers and includes Sam's Club's Member's Mark branding on the 2026 Product packaging.

41.     Upon information and belief, SHR designed, tested, and validated the 2026 Product to comply with United States consumer product safety standards and retailer requirements, including those imposed by Sam's Club.

42.     SHR sells or induces the sales of the 2026 Product in the United States.

43.     SHR's 2026 Product is sold online through Sam's Club's website, *https://www.samsclub.com/ip/Member-s-Mark-Reusable-Water-Balloons-20-Pack/18561471492*. SHR's 2026 Product is listed online for as much as $29.97. Exhibit 4.



https://www.samsclub.com/ip/Member-s-Mark-Reusable-Water-Balloons-20-Pack/18561471492; *see* Exhibit 4.

44.     Sales of SHR's 2026 Product in the United States began no later than February 17, 2026. Exhibit 4 at 6-10 (product reviews).



https://www.samsclub.com/ip/Member-s-Mark-Reusable-Water-Balloons-20-

Pack/18561471492; *see* Exhibit 4..

45.     SHR's 2026 Product is available for purchase and pickup at Sam's Club retail

locations throughout the United States, include in Illinois. Exhibit 4.

18



Exhibit 4 (available for curbside pickup in Cicero, Illinois).

46. SHR had knowledge of Plaintiffs' patent rights at least as early as September 5, 2024, when Plaintiffs filed the complaint in DSCT I, which accused SHR products of infringement of at least the D929 patent.

47. Upon information and belief, SHR knew or should have known of the D076 patent on or around November 4, 2025, the patent's issue date, by virtue of ongoing litigation with Plaintiffs in DSCT I involving patents related to the D076 patent.

48. SHR knowingly and intentionally induced others, including Sam's Club, to import, offer for sale, and sell the 2026 Product in the United States by, inter alia, promoting its reusable water balloon products in English; designing and manufacturing the 2026 Product for resale in the United States; packaging the 2026 Product in English; packaging the 2026 Product with Sam's Club's Member's Mark branding; testing and validating the 2026 Product to comply with United States consumer product safety standards; and promoting the 2026 Product through product listings.

49.     SHR undertook these actions with knowledge of the Asserted Designs and with the specific intent to cause and encourage acts of direct infringement by Sam's Club and end users in the United States.

50.     SHR acted knowingly, willfully, and in recklessly disregarded of the Asserted Designs through its manufacture, importation, and/or sales of the 2026 Product, including through its supply of the 2026 Product for nationwide distribution in the United States.

### INJURY TO PLAINTIFFS AND THE PUBLIC

51.     By making and selling the infringing 2026 Product, SHR has unfairly benefitted from Plaintiffs' hard-earned patented design innovations.

52.     SHR has knowingly, willfully, and in reckless disregard leveraged and exploited the substantial goodwill and reputation associated with Plaintiffs' intellectual property rights. Through its willful misappropriation of those rights, SHR obtained a substantial unfair competitive advantage by foregoing and freeriding on Plaintiffs' significant investments in time and expense that contributed to its highly prized and commercially successful products.

53.     As a direct and proximate result of SHR's willful actions, Plaintiffs have been, and will continue to be, irreparably harmed unless SHR's unlawful conduct is enjoined—particularly because SHR's actions unlawfully take market share from and/or erode the price of Plaintiffs' products. There is no adequate remedy at law to redress this harm.

54.     SHR's unlawful acts have also damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure the public, who has an interest in the protection of intellectual property rights and being free from confusion, mistake, and deception.

55.     SHR has acted knowingly, willfully, in reckless disregard of Plaintiffs' rights and in bad faith, as evidenced by SHR's ongoing infringement of DSCT's patented designs in the face

of ongoing litigation related to SHR's reusable water balloon products, and the readily apparent infringement of the Asserted Designs by SHR's 2026 Product.

**COUNT I:**
**Infringement of the D929 Patent (35 U.S.C. §§ 271(a), 271(b), 289)**

56. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1-55.

57. The relevant comparison prior art for the ordinary observer test is designs for spherical toy water balls that qualify as prior art under 35 U.S.C. 102.

58. The appropriate ordinary observer is the typical purchaser of children's water toys.

59. In the eye of the ordinary observer, familiar with the relevant comparison prior art, giving such attention as a purchaser of children's water toys would usually give, the design of the D929 patent and the design of SHR's 2026 Product and variations are substantially the same, such that the ordinary observer would be deceived into believing that the design of SHR's 2026 Product is the same as the design of the D929 patent.[2]

60. SHR has directly infringed and continues to infringe the D929 patent by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States the 2026 Product and/or later developed or sold versions thereof embodying the design of the D929 patent. Additionally, SHR has infringed and continues to infringe the D929 patent by applying the patented design, or a colorable imitation thereof, to an article of manufacture, such as the 2026 Product and/or later developed or sold versions thereof, for the purpose of sale and/or by selling, offering, or exposing for sale an article of manufacture, such as the 2026 Product, to which the

---

[2] Claim charts detailing SHR's design patent infringement of the D929 patent are attached hereto as Exhibit 9.

design of the D929 patent or a colorable imitation thereof has been applied. SHR's actions violate 35 U.S.C. §§ 271(a) and 289.

61.     SHR has indirectly infringed and continues to indirectly infringe the D929 patent by inducing others, including Sam's Club and end users, to use, sell, and/or offer for sale in the United States, and/or import into the United States the 2026 Product and/or later developed or sold versions embodying the design of the D929 patent. SHR's actions violate 35 U.S.C. §§ 271(b) and 289.

**COUNT II:**
**Infringement of the D076 Patent (35 U.S.C. §§ 271(a), 271(b), 289)**

62.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1-61.

63.     In the eye of the ordinary observer, familiar with the prior art, giving such attention as a purchaser of children's water toys would usually give, the design of the D076 patent and the design of SHR's 2026 Product and variations are substantially the same, such that the ordinary observer would be deceived into believing that the design of SHR's 2026 Product is the same as the design of the D076 patent.[3]

64.     SHR has directly infringed and continues to infringe the D076 patent by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States the 2026 Product and/or later developed or sold versions thereof embodying the design of the D076 patent. Additionally, SHR has infringed and continues to infringe the D076 patent by applying the patented design, or a colorable imitation thereof, to an article of manufacture, such as the 2026 Product and/or later developed or sold versions thereof, for the purpose of sale and/or by selling,

---

[3] Claim charts detailing SHR's design patent infringement of the D076 patent are attached hereto as Exhibit 10.

offering, or exposing for sale an article of manufacture, such as the 2026 Product, to which the design of the D076 patent or a colorable imitation thereof has been applied. SHR's actions violate 35 U.S.C. §§ 271(a) and 289.

65. SHR has indirectly infringed and continues to indirectly infringe the D076 patent by inducing others, including Sam's Club and end users, to use, sell, and/or offer for sale in the United States, and/or import into the United States the 2026 Product and/or later developed or sold versions thereof embodying the design of the D076 patent. SHR's actions violate 35 U.S.C. §§ 271(b) and 289.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs respectfully demand a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment against SHR on each and every claim for relief as set forth above and award it relief, including the following:

A. A judgment in favor of Plaintiffs that SHR has infringed, directly and/or indirectly and is infringing, the Asserted Designs;

B. An Order permanently:

1. restraining and enjoining SHR; its officers, agents, servants, attorneys, and employees; and any other persons who are in active concert or participation with any of them, from further acts of infringing the Asserted Designs Patent including, but not limited to, making, importing, promoting, offering, or exposing for sale, or selling the 2026 Product, any colorable imitation thereof, as well as any other later developed or sold products with designs substantially the same as the claimed design of the Asserted Designs until after the expiration date of the Asserted Designs;

23

2. requiring SHR to recall any and all articles of manufacture to which the design of the Asserted Designs has been applied;

3. freezing SHR's assets associated with sales of the 2026 Product and any colorable imitation thereof;

4. requiring SHR to publicly disclaim any rights to current or future designs of reusable water balloons that infringe the Asserted Designs; and

C. A judgment against SHR for SHR's total profits of any article of manufacture to which the claimed design the Asserted Designs has been applied as a result of SHR's infringement of the Asserted Designs in an amount to be determined at trial as provided under 35 U.S.C. § 289 and for monetary damages sustained as a result of SHR's infringement of the patents-in in an amount to be determined at trial as provided under 35 U.S.C. § 284, whichever is elected by Plaintiffs' at trial;

D. An accounting of SHR's profits pursuant to 35 U.S.C. § 289;

E. An Order declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Plaintiffs their attorney's fees and costs;

F. An Order awarding pre- and post-judgment interest on the damages caused by SHR's infringing activities and other conduct set forth above; and

G. Such other relief as the Court may deem just and proper.

Dated: June 2, 2026
Respectfully submitted,

_/s/Eric C. Cohen_
Eric C. Cohen
Telephone: (984) 960-2860
RIMON P.C.
875 N. Michigan Ave., Suite 3100
Chicago, IL 60611
Email: eric.cohen@rimonlaw.com

Jason Xu
RIMON P.C.
1050 Connecticut Ave. NW, Suite 500
Washington, D.C. 20036
(202) 470-2141
Email: jason.xu@rimonlaw.com

*Attorneys for Plaintiff, Dongguan Saien
Chuangke Technology Co. Ltd.*

Daniel C. Cooley (*pro hac vice* to be filed)
David N. Lefcowitz (*pro hac vice* to be filed)
Finnegan, Henderson, Farabow, Garrett &
DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700

Elizabeth D. Ferrill (*pro hac vice* to be filed)
David T. Faurie (*pro hac vice* to be filed)
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
(202) 408-4000

*Counsel for Plaintiff,
ZURU Inc.*